IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUN LU,<br><br>              Plaintiff,<br><br>   v.<br><br>DEVICE X AND DREAMALL,<br><br>             Defendants. | Case No. 1:23-cv-04282<br><br>Hon. John J. Tharp, Jr.<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

      Defendants, DEVICE X AND DREAMALL (the "Defendants"), through the undersigned counsel, oppose Plaintiff's Motion for Preliminary Injunction. Plaintiff has failed to demonstrate entitlement to the extraordinary relief sought. For the reasons set forth herein, Plaintiff's motion should be denied.

1

## I. BACKGROUND

Plaintiff brings this action against Defendant asserting design patent infringement under 35 U.S.C. §271.

On July 7, 2023, Plaintiff filed a motion for temporary restraining order. On July 10, 2023, the TRO was granted and set to expire on July 24, 2023. On July 20, Plaintiff filed a motion for preliminary injunction.

## II. STATEMENT OF FACTS

Upon information and belief, Plaintiff is a Chinese citizen and the named applicant and inventor of U.S. Patent No. D981,205 (the '205 patent). Specifically, the '205 patent was filed on January 15, 2021.

Defendants are the storefronts on Amazon.com (seller IDs: A2TLW8YDE7OITS and AAZ9D6M1ILM3F) selling doorknobs integrated with combination locks and/or biometric locks ("the Products"). The Products are categorized into three product lines, i.e., H1, H2, and K1, identified by Amazon Standard Identification Numbers (ASINs) B09TDHN1CD, B0BP1FTXBP, B0B3CXHXSN, B09XDS9W11, B0B418QLB3, B0C22QWJ2W, B0B7XHZ6JB, B0BW8LCSJ1, B0BMFZJKGP, B0BHT1D7X6, B0BLYFRZXX, B0BNTRSQ7P, B0BX8SMSNK, B0BX8TP3CJ, and B0BX8R387C.

## III. ARGUMENTS

For a court to grant a preliminary injunction, a plaintiff must show "(1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's favorable

impact on the public interest." *Amphenol T&M Antennas, Inc. v. Centurion Int'l, Inc.*, No. 00 C 4298, 2001 U.S. Dist. LEXIS 20874, at *2 (N.D. Ill. Dec. 14, 2001).

This Court should deny Plaintiff's motion for preliminary injunction because Plaintiff fails to establish a reasonable likelihood of success on the alleged design patent infringement. Moreover, Plaintiff's motion should be denied because Plaintiff will not suffer any irreparable harm and Defendants' irreparable harm from a preliminary injunction outweighs any potential harm to Plaintiff.

A. PLAINTIFF DOES NOT SHOW A REASONABLE LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff owns one U.S. design patent (the '205 patent) and alleges that Defendants' products infringe the '205 patent. However, Plaintiff fails to show a likelihood of success on the merits **because the Products are not substantially similar to the design covered by the '205 patent (emphasis added)**.

Under the Ordinary Observer test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing . . . purchase [of] one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008).

Further, "[t]he ornamental design which is being claimed must be shown in solid lines in the drawing." MPEP 1503.02 citing *In re Blum*, 374 F.2d 904, 153 USPQ 177 (CCPA 1967) and *In re Zahn*, 617 F.2d 261, 204 USPQ 988 (CCPA 1980). That is, the

3

comparison must be made between a product and a design **depicted in solid lines** in the drawings of the design patent.

Here, the Products including the three product lines are substantially different from the claimed design of the '205 patent. Side by side comparisons are provided below.

*a. H1 series vs. the claimed design of the '205 patent.*





(Another Annotated Fig. 3)



(Enlarged portions of Fig. 3)

As shown above, the H1 series product (B0B7XHZ6JB, B0BW8LCSJ1, B0BMFZJKGP, B0BHT1D7X6, B0BLYFRZXX, B0BNTRSQ7P) is substantially different from the design of the '205 patent at least for the following reasons:

1. the key panel of the claimed design includes a lollipop-shaped indentation but the corresponding panel of **the H1 product does not include this lollipop-shaped indentation**;

2. the number buttons of the claimed design are arranged from 0 to 9 clockwise but those of the H1 product **are arranged from 1 to 0**;

3. the doorknob of the claimed design is shaped as a cylinder but **the H1 product is shaped as a round-edged cuboid**; and

4. **the numbers and the check mark of the claimed design are of different shapes from those of the H1 product**.

In view of the major differences, it is respectfully submitted that the H1 product is substantially different from the claimed design in the '205 patent.

*b. H2 series vs. the claimed design of the '205 patent.*





(Another Annotated Fig. 3)



(Enlarged portions of Fig. 3)

(Fig. 7)

As shown above, the H2 series product (B0BX8SMSNK, B0BX8TP3CJ, B0BX8R387C) is substantially different from the design of the '205 patent at least for the following reasons:

1. the key panel of the claimed design includes a lollipop-shaped indentation but the corresponding panel of **the H2 product does not include this lollipop-shaped indentation**;

2. the number buttons of the claimed design are arranged from 0 to 9 clockwise but those of the H2 product **are arranged from 1 to 0**;

3. the doorknob of the claimed design is shaped as a cylinder but **the H2 product is shaped as a round-edged cuboid**;

4. **the numbers and the check mark of the claimed design are of different shapes from those of the H2 product; and**

5. the top of the claimed design is a round surface of a cylinder but **the top surface of the H2 product includes a round dark material for receiving fingerprints**.

In view of the major differences, it is respectfully submitted that the H2 product is substantially different from the claimed design in the '205 patent.

*c. K1 series vs. the claimed design of the '205 patent.*

| Annotated Figures of the Claimed Design of the '205 Patent | K1 series product |
|---|---|
|  |  |





(Enlarged portions of Fig. 3)

As shown above, the K1 series product (B09TDHN1CD, B0BP1FTXBP, B0B3CXHXSN, B09XDS9W11, B0B418QLB3, B0C22QWJ2W) is substantially different from the design of the '205 patent at least for the following reasons:

1. the key panel of the claimed design includes a lollipop-shaped indentation but the corresponding panel of **the K1 product does not include this lollipop-shaped indentation**;

2. the number buttons of the claimed design are arranged from 0 to 9 clockwise but those of the K1 product **are arranged from 1 to 0**; and

3. **the numbers and the check mark of the claimed design are of different shapes from those of the K1 product.**

In view of the major differences, it is respectfully submitted that the K1 product is substantially different from the claimed design in the '205 patent.

As such, the Products are all substantially different from the claimed design of the '205 patent. Thus, an ordinary observer would not be deceived and induced to purchase the Products supposing it to be the claimed design and, therefore, the Products do not infringe the '205 patent. As a result, Plaintiff fails to show a likelihood of success on the merits due to the non-infringement.

B. PLAINTIFF WILL NOT SUFFER IRREPARABLE HARM.

Plaintiff's motion for preliminary injunction should be denied because Plaintiff will not suffer irreparable harm.

Irreparable harm is "harm that cannot be prevented or fully rectified by the final judgement after trial." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). "In saying that the plaintiff must show that an award of damages at the end of trial will be inadequate, we do not mean wholly ineffectual; we mean seriously deficient as a remedy for the harm suffered." *Id*.

Moreover, as the Supreme Court of the United States puts it: "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with

13

our characterization of injunctive relief as an extraordinary remedy…" *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008).

Plaintiff alleges that Plaintiff will be harmed "due to loss of goodwill, damage to business reputation, and loss of control over intellectual property rights." *See* Lu Decl. at ¶7-11. However, the harms that Plaintiff claims are too speculative in nature and any likely harm can be remedied by monetary damages. Thus, Plaintiff has not established any irreparable harm.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court to deny Plaintiff's motion for preliminary injunction.

Dated: July 27, 2023                                   Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
Attorney No. 6313341
Linda.lei@getechlaw.com
/s/ Jun Ye
Jun Ye
Jun.ye@getechlaw.com
New York Bar No.: 5098116
Getech Law LLC
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
312-888-6633

*ATTORNEY FOR DEFENDANTS*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 27th day of July, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF NextGen system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                             /s/ Ge (Linda) Lei
                                                              Ge (Linda) Lei