IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JUN LU,**<br><br>                      *Plaintiff*,<br><br>      v.<br><br>**DEVICE X and DREAMALL,**<br><br>                    *Defendants*. | **Civil Action No. 1:23-cv-04282**<br><br>**Hon. John J. Tharp, Jr.**<br><br>**JURY TRAIL DEMANDED** |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, DEVICE X and DREAMALL (the "Defendants"), through the undersigned counsel, answer Plaintiff's complaint filed in the action by Jun Lu and allege as follows:

**INTRODUCTION**

1. Plaintiff files this action to combat foreign design patent infringers who trade upon Plaintiff's invention, reputation, and goodwill by selling and/or offering for sale unlicensed products, namely the electronic doorknobs shown in **Exhibit** 1 ("Infringing Products"). The Defendants operate several Amazon storefronts ("Defendant Amazon Stores") designed to appear to be selling genuine products, while actually selling Infringing Products to unbeknownst consumers. The Defendant Amazon Stores share unique identifiers, such as similar product images and specifications, advertising, design elements, and similarities of the Infringing Products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing Infringing Products on Amazon. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

      ANSWER: Defendants deny the allegations in paragraph 1.

1

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

ANSWER: Defendants admit that the complaint purports to state a claim arising under the patent laws of the United States, Title 28 and 15 of the United States Code, and that such a claim, if proper, would arise within the Court's subject matter jurisdiction, but deny that the complaint states a valid claim.

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Defendant Amazon Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating the Defendant Amazon Stores through which Illinois residents can purchase Infringing Products. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold Infringing Products to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

ANSWER: Defendants deny the allegations in paragraph 3 except that the Court has personal jurisdiction.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants are believed to be Chinese entities.

ANSWER: Defendants admit that for the purposes of this case only that venue is proper in this judicial district.

## THE PARTIES

5.     Plaintiff Jun Lu is a Chinese citizen and resident of Guangdong, China. Plaintiff is the named applicant and inventor of United States Design Patent No. D981,205, a true and correct copy of which is attached hereto as **Exhibit 2** ("D'205 Patent").

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 5, and therefore deny those allegations.

6.     Upon information and belief, Defendants are Amazon storefronts operating from China. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the Defendant Amazon Stores.

ANSWER: Defendants deny the allegations in paragraph 6 except that the Defendants are incorporated in China and run storefronts on Amazon.com.

## BACKGROUND

7.     The D'205 Patent was filed on January 15, 2021 and duly issued on March 21, 2023.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 7, and therefore deny those allegations.

8.     The D'205 Patent claims the ornamental design for an electronic doorknob.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 8, and therefore deny those allegations.

9.     Plaintiff sells their own electronic doorknobs on Amazon under the iulock Direct brand which embody and practice the D'205 Patent. Plaintiff's iulock Direct branded electronic doorknobs are well established on Amazon and enjoy quality customer reviews and high ratings, earning 4.3 stars on nearly a thousand reviews.

3

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 9, and therefore deny those allegations.

10. Plaintiff has not granted a license or any other form of permission to Defendants to practice the D'205 Patent.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and therefore deny those allegations.

11. On information and belief, Defendants are under common control of one entity or individual. They are an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the D'205 Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same Infringing Products with minor variations as well as similar if not identical product images and descriptions as shown in Exhibit 1. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

ANSWER: Defendants deny the allegations in paragraph 11.

12. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Amazon Stores. On information and belief, Defendants regularly create new Amazon storefronts to allocate potential liability. Such Defendant Amazon Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

ANSWER: Defendants deny the allegations in paragraph 12.

13. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Amazon Stores. The Defendant Amazon Stores include notable common features beyond selling the exact same infringing product, including the same product images, accepted payment methods, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

ANSWER: Defendants deny the allegations in paragraph 13.

14. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

ANSWER: Defendants deny the allegations in paragraph 14.

15. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China- based bank accounts outside the jurisdiction of this Court.

ANSWER: Defendants deny the allegations in paragraph 15.

16. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the D'205 Patent, and continue to do so via the Defendant Amazon Stores. Each Defendant Amazon Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

ANSWER: Defendants deny the allegations in paragraph 16.

17. Defendants' infringement of the D'205 Patent in the offering to sell, selling, or importing of the Infringing Products is willful.

ANSWER: Defendants deny the allegations in paragraph 17.

18. Defendants' infringement of the D'205 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Illinois, is irreparably harming Plaintiff.

ANSWER: Defendants deny the allegations in paragraph 18.

### COUNT I: DESIGN PATENT INFRINGEMENT
### (35 U.S.C. § 271)

19.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

ANSWER: Defendants incorporate their answers set forth in the preceding paragraphs

as if fully set forth herein.

20.     Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the D'205 Patent, *i.e.*, the ornamental design for an electronic doorknob, as exemplified below:



| Claimed Design | Exemplary Basis of Infringement |
|---|---|
| FIG. 1 | |

ANSWER: Defendants deny the allegations in paragraph 20.

21.     Defendants have infringed the D'205 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' infringing conduct has caused

6

Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

ANSWER: Defendants deny the allegations in paragraph 21.

22. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the D'205 Patent, Plaintiff will continue to be irreparably harmed.

ANSWER: Defendants deny the allegations in paragraph 22.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

ANSWER: Defendants deny the allegations in paragraph 23.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Non-Infringement)

Defendants have not and do not infringe, induce infringement, or contribute to the infringement of the D'205 patent, either literally or under the doctrine of equivalents. Furthermore, Defendants cannot be found to indirectly infringe the D'205 patent because there is no proof of actual knowledge of the patent-in-suit or pre-suit notice of infringement prior to filing the instant suit.

### Second Affirmative Defense
### (Invalidity)

Upon information and belief, the D'205 patent and the claim contained therein is invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. §§ 101,

7

102, 103, 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code. More specifically and without limitation, the D'205 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including Chinese Design Patent 305817234 (**Exhibit A** with machine translation included therein), a public disclosure of an electronic doorknob lock sold on Amazon (NPL-1, **Exhibit B**), and Chinese Design Patent 304792735 (**Exhibit C** with machine translation included therein).

## COUNTERCLAIMS

For its counterclaims against Plaintiff, Defendants allege as follows:

### PARTIES

1. DEVICE X and DREAMALL are the storefronts on Amazon.com in the business of selling combination locks and/ biometric locks.

2. According to paragraph 5 of the Complaint, Plaintiff Jun Lu is a Chinese citizen and resident of Guangdong, China. Plaintiff is the named applicant and inventor of United States Design Patent No. D981,205 ("D'205 Patent").

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue for these counterclaims is proper within this district under at least 28 U.S.C. § 1391.

5. This Court has personal jurisdiction over Plaintiff because Plaintiff has submitted itself to the personal jurisdiction of this Court by commencing this action.

## COUNT ONE

## DECLARATION OF NON-INFRINGEMENT OF THE D'205 PATENT

6. Defendants incorporate and reallege the allegations of paragraphs 1-5 of the counterclaims.

7. Defendants bring this action for declaratory judgment of non-infringement of the D'205 patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

8. Plaintiff has alleged that Defendants have infringed the D'205 patent and Defendants have denied the allegation.

9. Defendants have not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the 'D'205 patent, and is not liable for any acts of infringement of any such claim of the D'205 patent.

10. As evidenced by Plaintiff's Complaint and Defendants' Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the D'205 patent.

11. More specifically and without limitation, Defendants' products and the design in the D'205patent are substantially different, and an ordinary observer will not be induced to purchase one supposing it to be the other. As shown below, the claimed design of D'205 patent includes a lollipop-shaped indentation, bold numbers and check mark, cylinder shaped knobs. *See* Figs. 1, 3, and 7 of D'205 patent. The Defendants' products, on the contrary, show a flat front panel without indentation, a different number arrangement, different shapes of numbers and check mark, a round fingerprint receiver, etc. A side-by-side comparison between the patented design and the products is provided in DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION.

12. Defendants are entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202

that Defendants do not infringe and has not infringed any valid claim of the D'205 patent.

## COUNT TWO

## DECLARATION OF INVALIDITY OF THE D'205 PATENT

13. Defendant incorporates and realleges the allegations of paragraphs 1-12 of the counterclaims.

14. Defendant brings this action for declaratory judgment of invalidity of the D'205 patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

15. Plaintiff has alleged that Defendants have infringed the D'205 patent and Defendant has denied the allegation.

16. As evidenced by Plaintiff's Complaint and Defendant's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether the claim of D'205 patent is valid.

17. The claim of the D'205 Patent is invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

18. More specifically and without limitation, the D'205 patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art doorknobs/locks, for example, Chinese Design Patent 305817234 (**Exhibit A** with machine translation included therein), a public disclosure of an electronic doorknob lock sold on Amazon (NPL-1, **Exhibit B**), and Chinese Design Patent 304792735 (**Exhibit C** with machine translation included therein). A side-by-side comparison between exemplary figures of the D'205 patent and the prior art is provided here.



| | |
|---|---|
| Fig. 1 of D'205 Patent | Perspective view of Chinese Design Patent 305817234 (Exhibit A) |
| Fig. 3 of D'205 Patent | Front view of Chinese Design Patent 305817234 (Exhibit A) |

11

| | |
|---|---|
| <br>Fig. 1 of D'205 Patent | <br>Perspective view of MAXFREE smart lock (Exhibit B) |
| <br>Fig. 3 of D'205 Patent | <br>Front view of MAXFREE smart lock (Exhibit B) |



| | |
|---|---|
| Fig. 1 of D'205 Patent | Perspective view of Chinese Design Patent 304792735 (Exhibit C) |
| Fig. 3 of D'205 Patent | Right view of Chinese Design Patent 304792735 (Exhibit C) |

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

A. Dismissal of Plaintiff's Complaint with prejudice and entry of judgment in favor of Defendants;

B. Judgement declaring that Defendants do not infringe the D'205 patent;

C. A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to

13

Defendants of their costs and reasonable attorney fees, together with interest, including prejudgment interest thereon;

D. Judgment declaring that the claim of the D'205 patent is invalid and/or unenforceable pursuant to one or more statutory provisions of Title 35 of the United States Code; and

E. Such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

Defendants request a jury trial on all issues so triable.

Dated: August 10, 2023

Respectfully submitted,
/s/ Ge (Linda) Lei
Ge (Linda) Lei
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

/s/ Jun Ye
Jun Ye (Pro Hac Vice filed)
Jun.ye@getechlaw.com
New York Bar No.: 5098116

*ATTORNEY FOR DEFENDANTS*