IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUN LU,<br><br>    *Plaintiff*,<br><br>v.<br><br>DEVICE X AND DREAMALL,<br><br>    *Defendants*. | Civil Action No. 1:23-cv-04282<br><br>Hon. John J. Tharp, Jr<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF LU'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Jun Lu ("Plaintiff" or "Lu") submits this Supplemental Brief in support of its Motion for Preliminary Injunction (Dkt. No. 13). At the preliminary injunction hearing held before the Honorable John J. Tharp, Jr. on August 8, 2023, the Court asked the parties to provide supplemental briefing on the relevance, if any, of comparative observation of a commercial embodiment of the patented design versus the allegedly infringing design. *See* Dkt. No. 21. In short, Lu submits that it is generally improper (and long cautioned against) to conduct such a comparison.

In support, Lu primarily points to *Payless Shoesource, Inc. v. Reebok Int'l, Ltd.*, 998 F.2d 985 (Fed. Cir. 1993) *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672-79 (Fed. Cir. 2008). "Proper application of the *Gorham* test requires that an accused design be compared to the claimed design, not to a commercial embodiment." *Payless*, 998 F.2d at 990. In *Payless*, the defendants appealed an order that denied defendants' motion for a preliminary injunction to enjoin plaintiff in defendants' counterclaim for design patent infringement. On appeal, the Federal Circuit agreed with defendants that "the district court misapplied the *Gorham* test for design patent infringement because it compared the accused

1

footwear with commercial embodiments of the patents, rather than with the claimed designs [and], in doing so, the court improperly distinguished the accused footwear from the patented designs on the basis of features not in the claimed designs." *Id*. at 990. The Federal Circuit further stated that "the district court's infringement analysis clearly evidences a focus on a single difference as opposed to the entirety of the patented design. Thus, the district court erred by failing to 'consider the ornamental aspects of the design as a whole and not merely isolated portions of the patented design.'" *Id*. at 991 (quoting *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed. Cir. 1992). Ultimately, the Federal Circuit held "that the district court erred as a matter of law by failing to apply the proper legal analysis and thus abused its discretion in determining that Reebok is not reasonably likely to succeed on the merits of its patent infringement claims." *Payless*, 998 F.2d at 991.

Courts have since followed the standard set forth in *Payless*. *See Voltstar Techs., Inc. v. Amazon.com, Inc.*, No. 13 C 5570, 2014 U.S. Dist. LEXIS 102306 (N.D. Ill. July 28, 2014) ("The designs should be compared visually to each other using the patent drawings, not their commercial embodiments."); *Abbott Labs. v. Mead Johnson & Co.*, No. 93 C 6596, 1996 U.S. Dist. LEXIS 8299 (N.D. Ill. June 12, 1996) ("Generally, the accused design is compared to the claimed design and not the commercial embodiment."); *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, n.3 (9th Cir. 2012) ("We recognize that were this a design patent infringement case, the figures in the patent, not Tractel's commercial product, would be the baseline design.")

The only exception to the rule set forth in *Payless* is that when there is "no significant distinction in design has been shown between the patent drawing and its physical embodiment, it is not error for the court to view them both, and to compare the embodiment of the patented design with the accused devices." *Braun*, 975 F.2d at n.8 (quoting *Lee v. Dayton-Hudson Corp.*, 838 F.2d

1186, 1189 (Fed. Cir. 1988)). The Federal Circuit clarified this caveat in *High Point Design LLC v. Buyer's Direct, Inc.*, 621 F. App'x 632 (Fed. Cir. 2015). In *High Point*, the Court explained that "[w]e have long-cautioned that it is generally improper to determine infringement by comparing an accused product with the patentee's purported commercial embodiment." *Id*. at 642 (citing *Sun Hill Indus., Inc. v. Easter Unlimited, Inc.*, 48 F.3d 1193, 1196 (Fed. Cir. 1995) *abrogated on other grounds by Egyptian Goddess*, 543 F.3d at 672-79). The Court continued, stating that "we have never mandated such comparisons and decline to do so here. The proper test for infringement is performed by measuring the accused products against the claimed design." *Id*. (citing *Payless*, 998 F.2d at 990).

Most recently, in *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir. 2020), the Federal Circuit applied even stronger language against comparing commercial embodiments, stating: "The infringement analysis *must* compare the accused product to the patented design, not to a commercial embodiment." *Id*. at 1341 (emphasis added). In *Lanard*, the Court "deliberately disregard[ed] Lanard's seeming attempt to side-track the infringement analysis by emphasizing similarities between its *product*—the Lanard Chalk Pencil—and the Ja-Ru product." *Id*. at 1344 (emphasis in original); *see also Flipsi, Ltd. v. Tomy Int'l, Inc.*, No. 23 C 745, 2023 U.S. Dist. LEXIS 133971 (N.D. Ill. Aug. 2, 2023) ("the finder of fact compares the properly construed claim to the accused design") (citing *Lanard*).

In summary, it is generally improper to engage in a comparison between commercial embodiments and the accused products insofar as this Court were to erroneously distinguish the accused locks from the patented design on features not in the claimed design. Accordingly, Lu submits that it would be improper to conduct such a comparison here, especially in view of the strong language of *Lanard*.

3

DATED: August 10, 2023

Respectfully submitted,

By: */s/ Nicholas Najera*
David R. Bennett
**DIRECTION IP LAW**
P.O. Box 14184
Chicago, Illinois 60614
Tel: (312) 291-1667
dbennett@directionip.com

Of Counsel:
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*COUNSEL FOR PLAINTIFF JUN LU*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Nicholas Najera*

Nicholas Najera