# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JUN LU,

               Plaintiff,

     v.

DEVICE X AND DREAMALL,

               Defendants.

Case No. 1:23-cv-04282

Hon. John J. Tharp, Jr.

JURY TRIAL DEMANDED

---

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendants, DEVICE X AND DREAMALL (the "Defendants"), through the undersigned counsel, submit the Supplemental Brief in support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. (Dkt. No. 18). The Court requested the parties to provide supplemental briefing on the relevance, if any, of comparative observation of a commercial embodiment of the patented design versus the allegedly infringing design. *See* Dkt. No. 21. Defendants submit that it is generally improper to conduct a comparison between a commercial embodiment of the claimed design and the products.

The Federal Circuit has been clear on this issue and emphasized "we have never questioned the importance of considering the patented design and the accused design in the context of the prior art" and stated that:

> [T]he ordinary observer is deemed to view the differences between the *patented design and the accused product* in the context of the prior art. When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer

1

will be drawn to those aspects of the claimed design that differ from the prior art. And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer.

*Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir. 2020) citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, at 676 (Fed. Cir. 2008) (emphasis added).

In *Lanard Toys*, the Court further rejected the plaintiff's analysis that emphasized the similarities between the plaintiff's product and the defendant's product stating "[t]he test for infringement requires that "an accused design be compared to the claimed design, not to a commercial embodiment." *Id.* citing *Payless Shoesource, Inc. v. Reebok Int'l, Ltd.*, 998 F.2d 985, at 990 (Fed. Cir. 1993).

Thus, Defendants submit that it is generally improper to conduct such a comparison between Plaintiff's commercial embodiment and the accused products here.

Dated: August 15, 2023                              Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

/s/ Jun Ye
Jun Ye (Pro Hac Vice filed)
Jun.ye@getechlaw.com
New York Bar No.: 5098116

*ATTORNEY FOR DEFENDANTS*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 15, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

<u>/s/ *Jun Ye*</u>

Jun Ye