# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JUN LU,** <br><br> Plaintiff, <br><br> v. <br><br> **DEVICE X AND DREAMALL** <br><br> Defendants. | Civil Action No. 1:23-cv04282 <br><br> Hon. John J. Tharp, Jr. |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER is before the Court upon the Parties' Joint Motion for Entry of Consent Judgment and Permanent Injunction ("Motion"). The Court has carefully reviewed the Motion and the record in this case.

THEREFORE, Plaintiff Jun Lu ("Plaintiff") and Defendants Device X and DreaMall ("Defendants"), stipulate and consent to the following:

WHEREAS, Defendant Device X is the Amazon.com, Inc. ("Amazon") storefront of Shen Zhen Shi Rui Yu Mao Yi You Xian Gong Si, a Chinese limited liability company;

WHEREAS, Defendant DreaMall is the Amazon storefront of shenzhenshigoumengkongjianmaoyiyouxiangongsi, a Chinese limited liability company;

WHEREAS, Defendants, without authority, made, used, offered to sell, sold, and/or imported, within and into the Unites States, electric doorknobs, including the H1, H2, and K1 series products ("Infringing Products"), which practice Plaintiff's patented doorknob design as claimed in U.S. Design Patent No. D981,205 ("Patent").

WHEREAS, Defendants applied Plaintiff's patented doorknob design, or a colorable imitation, without license, to the Infringing Products for the purpose of sale and, in fact, sold the

1

Infringing Products to which Plaintiff's patented doorknob design or a colorable imitation was applied;

WHEREAS, Defendants have infringed the Patent through the aforementioned acts and will continue to do so unless permanently enjoined by this Court. Defendants' infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design;

WHEREAS, Defendants have represented to Plaintiff of the remaining inventory of the Infringing Products to be: 8,196 units of the H1 series, 1,478 units of the H2 series, and 1,197 units of the K1 series, for a total of 10,871 units ("Remaining Inventory");

WHEREAS, the Parties desire to settle and amicably resolved the dispute to each of their satisfaction.

Accordingly, it is hereby STIPULATED, ORDERED, ADJUDGED AND DECREED that: The Parties' Joint Motion for Entry of Consent Judgment and Permanent Injunction is GRANTED. Final Judgment is entered in favor of Plaintiff and against Defendants Device X and DreaMall, individually, as follows:

1. Defendants, their officers, agents, servants, employees, attorneys, affiliates, parent corporations, subsidiaries, and all persons acting for, with, by, through, under, or in active concert with them be permanently restrained and enjoined from:

   a. Making, using, offering to sell, selling, and importing, within and into the United States, the Infringing Products and any other product that reproduces, copies, embodies, or colorably imitates the doorknob design claimed by the Patent, unless expressly authorized to do so by Plaintiff;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the doorknob design of the Patent; and

    c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Defendants are liable for patent infringement and as compensation for the past damages Plaintiff has sustained as a result of Defendants' infringing conduct, Defendants shall pay to Plaintiff seventy thousand dollars ($70,000.00 USD) no later than ten (10) days after any financial restraints on Defendants' Amazon accounts are removed and Defendants' Amazon accounts are returned to an unrestrained status.

3. The restraints outlined in Section 1 above shall be subject to a seven (7) month Sell-off Period ("Sell-off Period") that shall exclusively run from the date this Consent Judgment is entered by the Court. During the Sell-off Period, Defendants shall take all steps and make their best efforts to sell the Remaining Inventory, as defined above, in good faith through the Authorized Sales Channels: holomarq.co, zincker.com, Device X Amazon storefront, and DreaMall Amazon storefront ("Authorized Sales Channels"). Defendants shall pay to Plaintiff twelve dollars ($12.00 USD) for each unit of the Remaining Inventory sold during the Sell-off Period ("Sell-off Payment"). Plaintiff has the right to audit and access Defendants' sales data of the Remaining Inventory monthly during the Sell-off Period. This right to audit and access includes the right to inspect the true and accurate raw sales data of the Authorized Sales Channels. The Sell-off Payment shall be made to Plaintiff no later than ten (10) days after the end of the Sell-off Period.

4. At the conclusion of the Sell-off Period, Amazon shall permanently disable and cease displaying any advertisements or product listings used by or associated with Defendants in connection with the sale of Infringing Products or any colorable imitation.

5. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendants to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

6. This Consent Judgment and Permanent Injunction shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

7. Each party shall bear its own attorneys' fees and costs already incurred.

8. This Court will retain exclusive, continuing jurisdiction over this cause to enforce the terms of this Consent Judgment and Permanent Injunction.

9. Plaintiff shall promptly notify Amazon of this Consent Judgment and instruct Amazon to remove any financial restraints on Defendants' Amazon accounts and to return Defendants' accounts back to an unrestrained status for the duration of the Sell-off Period.

10. Amazon, upon notice of this Consent Judgment and Permanent Injunction, shall: (1) remove any financial restraints that were placed on Defendants' Amazon accounts pursuant to the Court's Preliminary Injunction Order, dated September 14, 2023 [Dkt. No. 27]; and (2) return Defendants' accounts back to an unrestrained status in accordance with Amazon's operating procedures and contract for services with Defendants for the duration of the Sell-off Period.

11. The Clerk of the Court is directed to return the two-thousand dollar ($2,000.00 USD) cash bond previously posted to Plaintiff's counsel by check made out to: Ni, Wang & Massand, PLLC, 8140 Walnut Hill Lane, Suite 615, Dallas, Texas 75231.

IT IS SO ORDERED.

Dated:

_____
Hon. John J. Tharp, Jr.
United States District Judge